SPEARMAN et al. v. CONNOR BROS. (No. 1407.)

(Court of Civil Appeals of Texas. Texarkana. April 1, 1915.)

1. VENDOR AND PURCHASER ⚫⇒281—ENFORCEMENT OF LIEN — RENEWAL NOTE — BURDEN OF PROOF.

In an action on a renewed vendor's lien note, wherein one of the defendants filed a plea of non est factum as to the renewal, the burden of proving that he signed the renewal note or

⚫⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

authorized another one to sign it for him was on the plaintiff.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 792–794; Dec. Dig. ☞281.]

2. VENDOR AND PURCHASER ☞281—VENDOR'S LIEN — RENEWAL NOTE — SUFFICIENCY OF EVIDENCE.

In an action on a vendor's lien note, evidence *held* insufficient to show that one of the defendants was authorized by the other defendant to sign his name to a renewal of the note.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 792–794; Dec. Dig. ☞281.]

3. VENDOR AND PURCHASER ☞266 — LIEN NOTE—RENEWAL BY ONE OF TWO MAKERS—EFFECT.

The renewal of a vendor's lien note by one of the makers revived his personal obligation, and also the lien against his undivided half interest in the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 687, 713–750; Dec. Dig. ☞266.]

4. VENDOR AND PURCHASER ☞266—LIENS—PRIORITY.

Where the first vendor's lien note was barred by limitations, the holder lost his priority over the second lien note, and the revival of the first holder's lien did not restore its priority, but made it subordinate to that of the holder of the second note.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 687, 713–750; Dec. Dig. ☞266.]

Appeal from District Court, Morris County; H. F. O'Neal, Judge.

Action by Connor Bros. against John and Rob Spearman, in which A. M. Rhyme intervened, seeking a judgment against defendants. Judgment for plaintiffs and for intervener, and defendants and intervener appeal. Reversed and remanded for a new trial.

T. D. Rowell, of Jefferson, for appellants. Henderson & Bolin, and J. H. French, Jr., all of Daingerfield, for appellees.

HODGES, J. Connor Bros., the appellees, brought this suit against John and Rob Spearman upon a note for the sum of $574.-17, dated December 5, 1904, and upon its face due April 1, 1905. It is alleged that the note was originally payable to W. W. Watkins, and was given as a part of the purchase price of a tract of land sold by Watkins to John and Rob Spearman, and that a vendor's lien was retained in the note to secure its payment. It is further alleged that on April 4, 1910, John and Rob Spearman renewed the note, and thereby again became liable and bound to pay the same according to its tenor and effect. The petition also sought a foreclosure of the vendor's lien reserved in the note. After the filing of this petition A. M. Rhyme intervened in the suit, and interposed certain exceptions to the sufficiency of the plaintiffs' petition. He then pleaded as a basis of his right of intervention that in December, 1904, Watkins and others conveyed the land referred to in the plaintiffs' original petition and took in pay-

ment two vendor's lien notes, one for $545.-85, due April, 1905, and another for $500, due January 1, 1906; that in due course of trade the intervener purchased from Watkins the last-mentioned note, together with his equitable lien on the land. He then sets up his lien and asks for a judgment against John and Rob Spearman for the sum of $500, together with interest and attorneys' fees, and that his vendor's lien be foreclosed. He further prays that, in the event plaintiffs recover judgment on the note sued on by them, with the foreclosure of the vendor's lien, it be provided in the judgment that the plaintiffs and intervener be awarded the proceeds of the sale of the land, after deducting costs, in proportion to the amount of the judgment each recovers. The defendants answered by pleas of payment and of limitation; and Rob Spearman filed a separate plea denying under oath the execution of the renewal relied on by the plaintiffs to defeat the plea of limitation. Upon a trial before the court a judgment was rendered in favor of the plaintiffs and the intervener against John and Rob Spearman for the amount of their respective claims. Judgment was also rendered in favor of the plaintiffs and the intervener foreclosing their liens on the land described in their petitions, and directing a division of the proceeds of the sale according to the amounts of their respective claims. From that judgment both the intervener and the defendants have appealed.

The court made specific findings of fact which fully sustain his judgment. He finds as a fact that John Spearman signed his brother Rob Spearman's name to the renewal of the note sued on by the plaintiffs, that John Spearman had authority from Rob Spearman to sign his name in that manner, and concluded that this transaction was binding upon Rob Spearman. The sufficiency of the evidence to sustain that finding is challenged in one of the assignments of error.

[1] Upon the filing of the plea of non est factum by Rob Spearman the burden of proving that he signed the renewal contract, or authorized some other party to sign for him, was imposed upon Connor Bros.

[2] The evidence shows that Rob Spearman's name was signed during his absence by his brother John. The latter testified that he did this at the instance of Connor, and without any authority from his brother. There is nothing in the record to contradict this testimony or to show that Rob Spearman afterwards ratified what John Spearman had done. The court based his findings as to that issue upon the custom of the Spearmans in conducting their business. It appears that there existed a copartnership known as Spearman & Son, composed of Rob Spearman, Sr., the father of John Spearman and Rob Spearman, Jr., and John Spearman was accustomed to sign the name of his father to notes

given by the firm in the course of their business. But, according to the undisputed testimony, the note involved in this suit was not the obligation of Rob Spearman, Sr., but of Rob Spearman, Jr. It is true that the evidence shows that John Spearman signed his brother's name to the note originally, but he says he was authorized to do that. There is no evidence that he habitually signed his brother's name to notes and other instruments.

[3] The renewal of the note by John Spearman revived his personal obligation, and also the vendor's lien upon his undivided half interest in the land.

[4] Whatever position Rhyme may have originally occupied by reason of holding the second note assigned, Connor Bros. lost their right of priority when their note became barred by limitation. The revival of their lien after having once become extinct did not restore its priority, but made their lien subordinate to that of Rhyme. Hence they could not claim the right to share equally with Rhyme in the proceeds of the foreclosure sale, if these were insufficient to satisfy both debts. It may be, however, that the manner in which that question is raised in the record would not justify a reversal of the judgment upon that ground alone. Rhyme's pleadings would probably have to be amended to obtain this relief upon another trial.

We think the ends of justice can best be promoted by reversing this judgment and remanding this cause for another trial.